**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| D & D LANDHOLDINGS, a limited partnership<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | No. 06-877<br>Hon. Margaret M. Sweeney |

**PLAINTIFF'S UNOPPOSED MOTION TO AMEND COMPLAINT**

Pursuant to Rule 15(a) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff, D&D Landholdings ("D&D"), respectfully requests this Court to permit D&D to amend its Complaint by removing one of the land parcels that form the basis for the relief sought in Plaintiff's original Complaint. Counsel for Plaintiff has conferred with counsel for Defendant, who has represented that Defendant does not oppose the relief sought in this motion.

Specifically, D&D requests permission to amend its complaint by removing from the Complaint Parcel 12, a plot of land that comprises approximately 18 acres. Parcel 12 is shown in red on the attached Exhibit A. The requested amendment will leave Parcel 10, comprising approximately 135 acres and shown in pink on Exhibit A and outlined in detail on the maps in Exhibit B, as the parcel of land at issue in this case. The requested amendment is necessary to further define the land area that is at issue in this case.

The Court should grant this motion for the following reasons. First, this case is at an early procedural stage. The parties have yet to exchange written discovery requests,

and no depositions for this case have been noticed. Therefore, the requested amendment will not affect the scope of existing discovery nor progress of the litigation. In addition, the requested amendment does not seek to alter the operative facts, or the theories of liability or recovery, set forth in the original Complaint. Moreover, the removal of Parcel 12 will not unnecessarily burden Defendant in the preparation of its defense of this case. As a result, Defendant will not be prejudiced by the requested amendment in any way.

Rule 15 states as follows:

> (a) Amendments. . . . [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

RCFC 15(a). Courts construing RCFC 15 have held that "leave [to amend] shall be freely given when justice so requires." *Scott Timber Co. v. United States*, 44 Fed. Cl. 170, 181 (1999); *see also Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989) (holding that the grant or denial of an opportunity to amend pleadings should be exercised liberally to permit such amendments).[1] *See also, Foman v. Davis,* 371 U.S. 178, 182 (1962) (refusal to grant the leave without any justifying reason appearing for the denial is an abuse of that discretion and inconsistent with the spirit of the Federal Rules). The touchstone of determining a motion to amend a complaint is whether the amendment will prejudice the non-moving party. *Cornell & Co. v. Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) ("[i]t is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment"); *United States*

[1] Because RCFC 15 is similar in text to Rule 15 of the Federal Rules of Civil Procedure, case law construing the Federal Rules of Civil Procedure may be used to interpret the Rules of the Court of Federal Claims. *Hickman v. United States*, 43 Fed. Cl. 424, 439 (1999).

*v. Hougham,* 364 U.S. 310, 316 (1960) (Rule 15 of the Federal Rules of Civil Procedure was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result).

Here, the requested amendment is timely, involves no change to the operative facts or legal theories set forth in the original Complaint, and results in no prejudice to Defendant. Accordingly, Plaintiffs' motion to amend should be granted.

Respectfully submitted,

/s/ Roger J. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
Gregory T. Jaeger
MARZULLA & MARZULLA
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: June 13, 2007

Counsel for Plaintiffs

EXHIBIT A


D & D LANDHOLDINGS
N
21 22
28 27
ENERGY CENTER WAY
ACCESS RD.
LOOP RD
OTAY MESA RD
ALTA RD
050
080
113.61 AC
40.00 AC
40.44 AC
38.21 AC
71.76 AC
52.83 AC
36.88 AC
157.81 AC
120.00AC
176.44 AC
82.93 AC
159.95AC
74.55 AC
513.60AC
80.00AC
SEC. 28
SEC. 33
PUBLIC DOMAIN
PRIMARY BORDER FENCE
INTERNATIONAL BOUNDARY
INTERNATIONAL
MEXICO
BOUNDARY

EXHIBIT B


CHANGES
07/28/2004 EK
1" = 800'
DETAIL "A"
NO SCALE
SEC 30—T18S—R1E
SEC 29—T18—R1E—POR SW 1/4 OF NW 1/4
ROS 8602,9721,11218,16946
THIS MAP WAS PREPARED FOR ASSESSMENT PURPOSES ONLY. NO LIABILITY IS ASSUMED FOR THE ACCURACY OF THE DATA SHOWN. ASSESSOR'S PARCELS MAY NOT COMPLY WITH LOCAL SUBDIVISION OR BUILDING ORDINANCES.
ENERGY CENTER WAY
ACCESS RD.
LOOP RD
ALTA RD
OTAY MESA RD
SDG&E 120 FT TRANSMISSION LINE ESMT
A
B
040
SAN DIEGO COUNTY ASSESSOR'S MAP BOOK 648 PAGE 04


648-08
1" = 800'
10/04/2001 KJA
CHANGES
BLK OLD NEW YR CUT
1* PAR 7 SBE MAP 141-37-129
SEC 32-T18S-R1E
SEC 5-T19S-R1E
ROS 11218, 11349, 13580, 16849
080
INTERNATIONAL BOUNDARY
MEXICO
SDG&E 120 FT TRANSMISSION LINE
THIS MAP WAS PREPARED FOR ASSESSMENT PURPOSES ONLY. NO LIABILITY IS ASSUMED FOR THE ACCURACY OF THE DATA SHOWN. ASSESSOR'S PARCELS MAY NOT COMPLY WITH LOCAL SUBDIVISION OR BUILDING ORDINANCES.
SAN DIEGO COUNTY ASSESSOR'S MAP BOOK 648 PAGE 08
648-080