**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| D & D LANDHOLDINGS, a Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | (No. 06-877 L)<br>Hon. Margaret M. Sweeney |

**PLAINTIFF'S SUGGESTION FOR SUPPLEMENTAL ORDER REGARDING DEFENDANT'S MOTION FOR ENLARGEMENT OF THE SUMMARY JUDGMENT BRIEFING SCHEDULE**

Plaintiff, D&D Landholdings ("D&D"), respectfully suggest that the Court issue a supplemental Order to the Court's September 14, 2007 Order granting Defendant's motion for an enlargement of the summary judgment briefing schedule in this case. Specifically, Plaintiff suggests that the Court supplement its September 14, 2007 Order with a directive that Defendant will be allowed no further enlargements regarding the filing of its motion for summary judgment. The granting of Defendant's motion means that Defendant will file its motion for summary judgment more than eight months after the filing of the parties' Joint Status Report in April, 2007, and approximately four months after the completion of discovery in July, 2007.[1]

The basis for our suggestion is as follows. First, as we understand it, Defendant's motion for summary judgment will be, at best, of questionable merit. Defendant's

[1] Plaintiff advises the Court that, prior to the filing of Defendant's motion, and in consideration of Defendant's counsel's circumstances, Plaintiff offered to consent to an enlargement of the deadline for Defendant's summary judgment motion to September 28,

motion apparently will be based upon an interpretation of 8 U.S.C. § 1357(a)(3) and 8 C.F.R. § 287.1(c). *See* Def. Answer at p. 2. Title 8, Section 1357(a)(3) provides:

> (a) Powers without warrant
>
> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant –
>
> (3) within a reasonable distance from any external boundary of the United States, to board and search for aliens any vessel within the territorial waters of the United States and any railway car, aircraft, conveyance, or vehicle, and *within a distance of twenty-five miles from any such external boundary to have access to private lands, but not dwellings, for the purpose of* ***patrolling the border*** *to prevent the illegal entry of aliens into the United States[.]*

8 U.S.C. § 1357(a)(3) (Emphasis added). In implementing this statute, Section (c) of 8 C.F.R. 287.1 provides:

> (c) Patrolling the border. The phrase *patrolling the border* to prevent the illegal entry of aliens into the United States as used in section 287 of the Immigration and Nationality Act means conducting such activities as are *customary, or reasonable and necessary, to prevent the illegal entry of aliens into the United States[.]*

8 C.F.R. § 287.1(c) (Emphasis added).

Defendant apparently intends to argue upon summary judgment that the foregoing statutory and regulatory authority permits Defendant to permanently occupy Plaintiff's land, to preclude its development, and to construct roads, buildings, underground sensors and other structures upon it—in short, as Border Patrol officials have testified in deposition, to treat Plaintiff's land just like public land—without payment of just

---

2007, provided that Defendant agree to seek no further enlargements.

compensation for the land taken. There does not appear to be any case authority supporting this position.

Moreover, issues of fact exist which would preclude summary judgment. For example, Defendant's proposed summary judgment motion would require this Court to determine, without the benefit of trial testimony, whether the Government's activities on Plaintiff's land were "reasonable and necessary." *See* 8 C.F.R. § 287.1(c). Determining what is "reasonable and necessary" in this case is an intensely factual inquiry that is simply not appropriate for summary judgment and should be reserved for trial. For this reason alone, Defendant's motion for summary judgment is a questionable undertaking.

Moreover, Defendant's interpretation of the above authority would completely eviscerate the Just Compensation Clause of the Fifth Amendment. Indeed, taken to its logical conclusion, Defendant's argument would allow Government agents to enter, and effectively take possession of, city office buildings and other "non-dwelling" structures, all as part of "patrolling the border." As an example of the activities that could be permitted under Defendant's interpretation, Government agents would be allowed to enter office buildings to install security cameras or listening devices under the pretext of apprehending illegals who may be working for cleaning crews or similar services. Such a scenario could occur in any city located near the nation's borders, including San Diego, Seattle, Detroit, and El Paso.

Despite its highly questionable merit, the Government's summary judgment motion should not require significant time to complete, particularly considering that the Government has intended to file its motion for several months. In view of the fact that discovery was completed almost two months ago, further extensions to the deadline for

the filing of Defendant's motion are not warranted. Indeed, Plaintiff is ready to proceed with preparations for trial; further delay to accommodate a questionable dispositive motion should not be allowed.

Accordingly, Plaintiff respectfully suggests that the Court supplement its September 14, 2007 Order granting Defendant's motion for an enlargement of the summary judgment schedule by directing that no further extensions regarding the filing of Defendant's motion will be granted.

Respectfully submitted,

/s/ Roger J. Marzulla

Roger J. Marzulla
Gregory T. Jaeger
MARZULLA LAW
1350 Connecticut Ave., N.W.
Suite 410
Washington, DC 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: September 14, 2007

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 14, 2007, a true and correct copy of the foregoing "Plaintiff's Suggestion For Supplemental Order Regarding Defendant's Motion For Enlargement Of The Summary Judgment Briefing Schedule" was sent via electronic mail and postage-paid U.S. mail to:

Susan V. Cook
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
601 D Street, NW, Room 3112
Washington, DC 20004
(202) 305-0470
(202) 305-0506 (fax)
Email: susan.cook@usdoj.gov

/s/ William McGonigle
William McGonigle