# Legal Update #1: 25-mile patrol access

This legal update is a presentation of the San Diego Sector Training Office and the San Diego Sector Counsel's office. I'm Peggy DeBeliso from the Sector Counsel's office, and in the next few minutes, we'll be reviewing the federal law and Service policy regarding Border Patrol access to private lands within 25 miles of the border.

Section 287(a)(3) of the Immigration and Nationality Act authorizes BPAs within a distance of 25 miles from any external boundary to have access to private lands, but not dwellings, for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States.

Let's break that down to emphasize the legal meaning of some of the words in the statute.



Pl's 20
WITNESS: DeBeliso
DATE: 2-21-07 Rptr: SS
Shelburne Sherr
Court Reporters

First, Section 287 refers to access to private lands within 25 miles of any "external boundary". The phrase "external boundary" generally means the land border with Mexico. There are special rules that define "external boundary" in terms of U.S. territorial waters and baselines along the seacoast; however, for the purposes of our linewatch operations, let's assume that "external boundary" means the land border with Mexico.

Next, the statute authorizes BPAs to "access" private lands within 25 miles of the border. The word "access" includes routine entry onto private lands by BPAs on foot, in patrol vehicles, on horseback, ATVs, and similar means of simple ingress and egress. It is important to note that the authority to access border lands does <u>not</u> authorize Agents to do things which change the condition of private land, or which affect the value of private land. If Border Patrol access includes any digging, grading, building, or construction of any kind, we must generally negotiate a lease, land use agreement, or some other form of permission from the landowner prior to beginning any construction projects.

Next, the statute authorizes Border Patrol access to private lands, but NOT dwellings. Remember, a "dwelling" includes not only the physical residential structure, but also the "curtilage," which is defined as the area immediately surrounding the dwelling which is used for private domestic purposes in connection with the dwelling. For example, residential curtilage includes not only the house, but also any fenced backyard, the garage, any sheds or outbuildings, and any play areas or work areas immediately surrounding the house. Agents should keep in mind that our 25-mile access extends to the land only, and does not include access to any structures in the border area.

Last, Section 287 authorizes Border Patrol Agents to access private lands for the purpose of patrolling the border. This includes activities by the Border Patrol which are both reasonable and necessary to prevent the illegal entry of aliens into the United States.

The first step requires supervisors to make efforts to conduct a personal interview, in order to persuade the landowner to authorize access to the land for our patrol purposes. If that doesn't work, the next step is to place the landowner on notice of the law by registered mail. The Sector Counsel's office will send the landowner a registered letter explaining our legal authority to access border lands, and we'll confirm the landowner's receipt of this notice.

The Operations Instruction states that "after all methods of persuasion have failed including efforts by personal interview and the placing of the landowner on notice of the law by registered mail, officers may gain access to areas within the 25-mile area by the most expeditious means, if absolutely necessary. This is an extreme measure and is to be resorted to only on the direction of a supervisory officer after careful consideration. The fences and gates should be immediately repaired and precautions taken to avoid damage to the property."

That concludes the legal update for today. For further information regarding any of the law or policy referred to in this update, please see the sources listed in the bibliography at the end of this video. Thank you for your attention.