**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| D & D LANDHOLDINGS, a limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 06-877 L<br>Hon. Margaret M. Sweeney |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBITS FOR LACK OF PROPER AUTHENTICATION**

Plaintiff, D&D Landholdings, respectfully moves this Court for an order striking Exhibits D-5(A) through D-5(F) of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Docket Nos. 33 #5 through 33 #10, respectively) in the above-captioned matter, and Exhibits D-36 and D-37 of Defendant's Reply in Support of its Motion to Dismiss or in the Alternative for Summary Judgment (Docket Nos. 51 #1 and 51 #2, respectively) on the grounds that Defendant has failed to authenticate these photographs, as required by Federal Rule of Evidence (FRE) 901(a). These photographs, which Defendant proffered as evidence of the condition of the subject property on certain dates, are inadmissible because Defendant has failed to establish the dates and circumstances under which they were taken, and that they actually depict what Defendant claims.

Under the Federal Rules of Evidence, a photograph is inadmissible unless authenticated "by evidence sufficient to support a finding that the matter in question is what its proponent claims." FRE 901(a). Where the affidavit offered to authenticate the photographs does not establish personal knowledge of when the photographs were taken, it does "not provide an

adequate foundation to allow the photographs into evidence." *Kersavage v. United States*, 36 Fed. Cl. 441, 444-45 (1996); *see also United States v. Blackwell*, 694 F.2d 1325, 1331 (D.C. Cir. 1982) ("Proper authentication requires not only that the government identify the scene depicted in the photographs, but also their coordinates in time and place.").

In its brief Defendant claims that Exhibits D-5(A) through D-5(F) are aerial photographs of the subject property taken between 1987 and 2006, Def.'s Br. List of Exhibits, and that Exhibits D-36 and D-37 are "cropped close up" photographs of D-5(D) and D-5(F), respectively, Def.'s Reply 3, vi. Defendant's sole proffered authentication of these photographs is found in the Declaration of Counsel of Record, Susan V. Cook, (Docket No. 33 #39), in which Ms. Cook declares:

> 3. I obtained the aerial photographs attached as Exhibits D-5(A)-(F) to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment from a company called Landiscor Aerial Information ("Landiscor"). Landiscor has various office locations throughout the United States, including San Diego, California. It is my understanding that Landiscor has taken, logged, and recorded aerial photographs for over forty years.
>
> 4. On July 25, 2006, I ordered Exhibits D-5(A)-(F) from Landiscor's Aerial Fotobank #21 located at 9833 Pacific Heights Boulevard, Suite A, San Diego, California. . . .

Cook Decl. ¶¶ 3-4, Def's Motion to Dismiss, Ex. D-32.

This declaration of Ms. Cook is insufficient to authenticate these photographs because it does not establish the dates and circumstances under which these photographs were taken, nor that they actually depict what Defendant claims they do. Indeed, the affidavit does not demonstrate that Ms. Cook possesses any personal knowledge of the circumstances under which these photographs were taken or prepared. Moreover, in a January 3, 2008 e-mail to Plaintiff's paralegal Ms. Cook confirmed that she lacks the personal knowledge required to authenticate these photographs, and that she was not even involved in procuring them: "Mike Hance [a San

Diego Border Patrol employee] worked with Landscor on the photos, I just came in at the end. So I think it was all done in person, not over the Internet." Pl.'s Ex. A, Email from Susan Cook, Trial Attorney, Department of Justice, to Bill McGonigle, Paralegal, Marzulla & Marzulla (Jan. 3, 2008, 10:05 p.m. EST).

In a further attempt to determine the authenticity of these photographs, Plaintiff's law clerk contacted Landiscor directly. Landiscor informed Plaintiff that it could not authenticate the photographs because it possesses no record of them, its San Diego office has closed, and none of the San Diego employees who were involved in this transaction now work for the company. Pl.'s Ex. B, Wiggins Decl. ¶¶ 3-5.

Accordingly, because Defendant has failed to authenticate exhibits D-5(A) through D-5(F) and D-36 and D-37, they are inadmissible under FRE 901(a) and should be disregarded. *See Snyder v. CitiSteel USA Inc.*, 508 F.Supp.2d 407, 413 (D. Del. 2007) ("[A]uthentication or identification is required as a condition precedent to the admissibility of evidence"); *Berry v. City of South Portland, Me.*, __ F.Supp.2d __, __, 2007 WL 4260159, at *17 (D. Me. 2007) (disregarding documents presented on summary judgment where nothing on the record "allow[ed] the Court to determine that 'the matter in question is what its proponent claims'").

For these reasons, Plaintiff respectfully moves this Court to grant its Motion to Strike Exhibits D-5(A) through D-5(F) from Defendant's Motion to Dismiss and Exhibits D-36 and D-37 from Defendant's Reply (which Defendant asserts to be "close up" photographs of D-5(D) and D-5(F), respectively).

Respectfully submitted,

s/ Roger J. Marzulla____

Roger J. Marzulla
Gregory T. Jaeger
Marzulla & Marzulla
1350 Connecticut Avenue
Suite 410
Washington, D.C. 20036
(202) 822-6760 (phone)
(202) 822-6774 (fax)

Dated: January 9, 2008

Counsel for Plaintiffs

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| D & D LANDHOLDINGS, a limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 06-877 L<br>Hon. Margaret M. Sweeney |

**ORDER**

On January 8, 2008, Plaintiff, D&D Landholdings, filed a Motion to Strike Defendant's Exhibits D-5(A) through D-5(F) and D-36 and D-37. For good cause shown, Plaintiff's Motion is hereby GRANTED. Accordingly, Defendant's Exhibits D-5(A) through D-5(F) from its Motion to Dismiss or in the Alternative for Summary Judgment and Memorandum in Support Thereof (Docket Nos. 33 #5 through 33 #10, respectively) and Exhibits D-36 and D-37 of Defendant's Reply in Support of its Motion to Dismiss or in the Alternative for Summary Judgment (Docket Nos. 51 #1 and 51 #2, respectively) shall be struck from the record.

IT IS SO ORDERED.

DATE: ______________________

______________________
MARGARET M. SWEENEY
Judge

# EXHIBIT A

**Bill McGonigle**

**From:** Cook, Susan (ENRD) [Susan.Cook@usdoj.gov]
**Sent:** Thursday, January 03, 2008 10:05 PM
**To:** Bill McGonigle
**Subject:** Re: D&D/IIP - Aerial Photos?

Bill -
Mike Hance worked with Landscor on the photos, I just came in at the end. So I think it was all done in person, not over the internet. When I get back I can get you whatever verification you want but I don't know if you want to duplicate my steps -- the set of photos cost CBP about $2200! Supposedly Landscor flies all of San Diego County each year -- the photos are popular with real estate developers and such. I received a set of original CDs created by Landscor and containing electronic files named by year.
Susan V. Cook
Dept of Justice
Office 202-305-0470
Cell 410-279-0190
Sent from a Blackberry; please excuse brevity and typos!

Sent Using U.S. DOJ/ENRD BES Server

----- Original Message -----
From: Bill McGonigle <wmcgonigle@marzulla.com>
To: Cook, Susan (ENRD)
Sent: Thu Jan 03 17:18:56 2008
Subject: D&D/IIP - Aerial Photos?

Hi Susan,

I understand you're overseas, so this might be resolved by the time you're back.

I am curious how you retrieved the aerial photographs you included at Ex. D-5. Did you contact the Landiscor office directly, or did you use their internet service? I have tried to reproduce your efforts with them a few times and haven't come close to being successful. If you could give me any/all detail towards how you figured this out, I'd be very appreciative. (I've read through your declaration a number of times trying to chase down the leads from there, but all ended up dead ends.)

Thanks for the help. Hope you had a nice trip.

-Bill

Bill McGonigle
Paralegal
Marzulla Law
1350 Connecticut Ave., NW
Suite 410
Washington, DC 20036
Office Tel: (202) 822-6760
Direct No.: (202) 742-1325
Fax: (202) 822-6774
www.Marzulla.com

==========================================

This e-mail is intended only for use by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please return the original transmission.

==========================================

# EXHIBIT B

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| D & D LANDHOLDINGS, a limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 06-877 L<br>Hon. Margaret M. Sweeney |

**DECLARATION OF LUCY J. WIGGINS**

I, Lucy J. Wiggins, declare:

1. I am a Law Clerk with Marzulla & Marzulla. I have passed the New York bar examination and expect to be admitted as an attorney later this month. The matters set forth below are based on my personal knowledge.

2. At the request of Roger Marzulla, Counsel of Record for Plaintiff, on January 4, 2007, I contacted Landiscor Aerial Information (Landiscor) and spoke to Mr. Albert Ebanks, a Sales Support Specialist and Marketing Administrator in Landiscor's Phoenix office, in order to determine if it were possible to verify the dates and circumstances under which Defendant's Exhibits D-5(A) through D-5(F) from its Motion to Dismiss and Exhibits D-36 and D-37 from its Reply were prepared.

3. Mr. Ebanks informed me that Landiscor was unable to authenticate these photographs. He stated that, as of February 2007, Landiscor had closed its San Diego office, and that the San Diego office personnel were no longer employed by the company. He further stated that, after a diligent search, Landiscor could not locate any record of a transaction with the Government involving production of these photographs.

4. Mr. Ebanks further explained that the phrase "Fotobank # 21" simply identifies the transaction as having originated with the San Diego office (Office 21), and that when Landiscor closed its San Diego office, the hard disks containing the individual photographs produced for clients from that office had been lost and could therefore no longer be accessed by him or anyone else at Landiscor. Mr. Ebanks did not know how or why the disks were lost.

5. As a result of the loss of its hard disks from the San Diego office, Mr. Ebanks could not verify any connection between Landiscor and the photographs in Defendant's Exhibits D-5(A) through D-5(F) from its Motion to Dismiss and Exhibits D-36 and D-37 from its Reply, nor any of the circumstances under which those photographs were prepared.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

This ninth day of January 2008.

Lucy J. Wiggins