**UNITED STATES COURT OF FEDERAL CLAIMS**

*(E-Filed: January 28, 2008)*

| | | |
|---|---|---|
| **D & D LANDHOLDINGS, a limited partnership,** | ) | |
| **Plaintiff,** | ) | **No. 06-877 L** |
| **v.** | ) | |
| **UNITED STATES,** | ) | **Hon. Margaret M. Sweeney** |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBITS FOR LACK OF PROPER AUTHENTICATION**

Plaintiff has moved to strike Defendant's Exhibits D-5(a) through D-5(f), D-36, and D-37 relating to Defendant's pending Motion to Dismiss or in the Alternative for Summary Judgment on the grounds that Defendant has failed to authenticate the photographs as required by Federal Rule of Evidence (FRE) 901(a).

In the course of its investigation into the allegations of Plaintiff's complaint, in July 2006 undersigned counsel requested that Michael Hance, an employee of the Department of Homeland Security, Customs and Border Protection, Border Patrol, conduct research into what historical aerial photos of the subject property were available. See Exhibit D-48, Declaration of Michael D. Hance, at ¶ 7. In response, Mr. Hance visited the San Diego offices of Landiscor, Inc., to review their aerial image library. After reviewing the aerial photos available, and consulting with undersigned counsel, Mr. Hance selected aerial photographs for representative years: 1987,

1990, 1995, 1998, 2000 and 2006. Specifically, the photographs selected are those which are the subject of the Affidavit of Michael Connor, Vice President of Landiscor Aerial Information, Inc. See Exhibit D-49.

The photographs were purchased by the Department of Homeland Security for the sum of $2165; a copy of the payment receipt is Exhibit D-51. In return, Landiscor provided the selected images to the Department of Homeland Security as electronic files on a CD. Hance Decl. at ¶¶ 8-9.

Thereafter, the images were provided to the undersigned counsel to be utilized in the United States' defensive efforts as well as to be produced to Plaintiff in the course of the discovery process. The images were produced to Plaintiff as part of Defendant's Initial Disclosures on October 13, 2006. Plaintiff made no inquiry of Defendant concerning the authenticity of the photographs.

On February 21, 2007, Plaintiff took the deposition of Mr. Hance. Plaintiff's questioning did not uncover Mr. Hance's role in obtaining the aerial photographs, nor did Plaintiff ask Mr. Hance any questions concerning whether the photographs accurately depicted the condition of the subject property even though Mr. Hance made his familiarity with the property clear.

On October 16, 2007, Defendant filed its Motion to Dismiss Or In The Alternative for Summary Judgment. The aerial images in question were attached as Defendant's Exhibits D-5(a) - (f). In its Opposition filed November 30, 2007, Plaintiff raised no objections concerning the aerial photographs.

It was not until January 4, 2008, that Plaintiff made its first inquiry to Defendant concerning the authenticity of the photos. At the time, undersigned counsel was out of the office

on annual leave. Nonetheless, undersigned counsel responded by email and, because Plaintiff described its inquiry as urgent, made arrangements for Plaintiff to view the original CD from Landiscor as well as the original payment receipt for the images; Plaintiff was given Marc Smith, Assistant Section Chief, as an alternative person to contact within the Department of Justice. Because no questions had been raised concerning the photographs, Defendant had not gone to the time and expense of obtaining the additional affidavit, now Exhibit D-49, from Landiscor. After viewing these documents on Monday, January 7, Plaintiff made no request for additional information; indeed, Plaintiff does not even disclose in its motion that the visit to Defendant's offices occurred or that any information was provided. Instead, Plaintiff filed the instant motion.

Plaintiff's representations concerning their attempts to verify the photos with Landiscor are perplexing. First, if additional information was required, the most logical avenue would have been to contact Defendant. At that point, without the need to involve the Court, Defendant would have then provided the declaration that it is now Exhibit D-49.

Second, although the San Diego administrative office of Landiscor has closed, its functions were transferred to Landiscor's Phoenix office; it is not clear why Plaintiff was unable to obtain that information. Indeed, a simple Google web search would have disclosed complete information about the company including a toll free number. See www.landiscor.com.

In any case, Defendant has now provided Plaintiff and the Court with the information required by Federal Rule of Evidence 901 for the admission of the aerial photographs into evidence. The attached Affidavit of Michael Connor provides the precise date on which the photos were taken with reference to the electronic name of each document. Plaintiff, during its inspection of the CD, was provided with the exact electronic name of each document.

In addition, the attached Declaration of Michael D. Hance establishes the circumstances surrounding the acquisition of the photos by the United States as well as that they accurately depict the subject property on the photo dates.[1]

CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion to Strike Defendant's Exhibits D-5(a) through D-5(f) be denied, and that the Court grant such further relief as is just and proper.

Dated: January 28, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/ Susan V. Cook
SUSAN V. COOK, Senior Attorney
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0470
Fax: (202) 305-0506
Email: susan.cook@usdoj.gov

Attorneys for Defendant

434171.1

[1/] In order to simplify the Court's consideration of the issues in this case, Defendant hereby withdraws Exhibits D-36 and D-37.