# In the United States Court of Federal Claims

No. 06-877 L
(Filed: July 1, 2008)

***********************************
D & D LANDHOLDINGS, *
a limited partnership, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
***********************************

**ORDER**

Before the court is the parties' Joint Motion to Consolidate for Trial with accompanying memorandum ("motion"). The parties move the court to consolidate the above-captioned case with International Industrial Park, Inc. v. United States, No. 06-876, for trial of liability issues. The parties also indicate that they have requested that three additional cases pending before the court–Otay Mesa Property L.P. v. United States, No. 06-167, Rancho Vista Del Mar v. United States, No. 06-1670, and Otay International Inc. v. United States, No. 06-1671–be consolidated with International Industrial Park, Inc.

The parties indicate that coordinated discovery has been completed in all five of these cases, save for a few depositions that have yet to be conducted. During the course of discovery, the parties learned that common legal and factual issues dominate the cases. Accordingly, the parties believe that the same witnesses would testify during each trial in the event these cases proceeded to trial separately. Because they believe that disputed issues of fact are likely to preclude a grant of summary judgment in whole or in part, separate trials in San Diego are likely. These multiple proceedings in San Diego, the parties note, would involve the same witnesses and exhibits, and pretrial briefing will be largely similar. As such, the parties emphasize that multiple trials would increase both the burden upon and the expense to the parties and the court. Additionally, because any potential that separate trials produce inconsistent rulings on substantially identical facts would be alleviated if the cases are consolidated, the parties argue that consolidation will facilitate a prompt and efficient determination of liability in these cases.

The court finds that "the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation." Karuk Tribe of Cal. v. United States, 27 Fed. Cl. 429, 433 (1993). It believes that little, if any, risk of prejudice or confusion

would result from consolidation because (1) the claimants in each case, while different legal entities, nonetheless have a common, underlying ownership, (2) each case presents the same legal questions and arises out of substantially similar facts, (3) defendant has, in each case, denied liability and raised the same factual and affirmative defenses, and (4) justice is promoted by the uniform application of law in each case. Therefore, consolidation of the above-captioned case with International Industrial Park, Inc. is appropriate. **Accordingly, the court GRANTS the parties' joint motion.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge